## JOHN HENNESSEE *v.* WM. MILLS.

1. BANKRUPTCY. *Want of jurisdiction to grant discharge. May be attacked in State Court. When.* Where a District Court of the United States has no jurisdiction of an application in bankruptcy, its action is a nullity, and if the petitioner pleads his discharge in defence to a creditor's suit, the plaintiff may reply and interpose the want of jurisdiction to defeat the effects of such a discharge in any Court where the same may be prosecuted.

   Cases cited: Bump on Bank., 30, citing cases in 3d Bank. Reg., in 22 Penn., 145, Goodfellow, 3 Bank. Reg., cited by Bump in note *b*, page 308, Sec. 11, Bank. Act, 1867.

2. SAME. *Fraudulent failure to render complete schedule.* A discharge in bankruptcy can not be impeached in a State Court by the allegation of fraudulent failure to render a complete schedule of property, if the Court had jurisdiction to grant the discharge, and the creditor had notice or was a party to the proceedings, the United States Courts having exclusive jurisdiction over the question of Bankruptcy.

   Cases cited: 46 N. T. R., 15, Bank. Act, 1841.

---

### FROM DAVIDSON.

---

Appeal from decree of the Circuit Court. EUGENE CARY, Judge.

M. M. BRIEN, jr., and BAXTER SMITH for plaintiff in error.

BRADLEY & PEABODY for defendant in error.

FREEMAN, Judge, delivered the opinion of the Court.

Hennessee sued Mills before a Justice of the Peace of Davidson County. The case went to the Circuit

Court by appeal, where it was tried on demurrer to re-
plications filed by plaintiff to a plea of defendant,
setting up a discharge in bankruptcy granted by the
District Court of the United States for the Southern
District of Ohio. The demurrer was sustained by the
Circuit Judge, and an appeal in error prosecuted to this
Court.

The replication alleges that the defendant was, and
for six months preceding the filing of the petition in
bankruptcy in the Southern District of Ohio, and for a
long time previous thereto, had been a citizen of the
State of Tennessee, and that defendant did not reside
in the said Southern District of Ohio six months, or
the greater portion of six months next preceding the
filing his petition, to wit: September 14, 1867, nor did
he carry on business there, but was, in fact, a citizen
of Tennessee, and carrying on business in the State of
Tennessee, and, therefore, it is claimed said discharge
is void.

The question presented is, whether the effect of a
discharge in bankruptcy is void on the facts alleged.

Section 11 of Bankrupt Act of 1867 provides, in
substance, that a party seeking the benefit of the act
" shall apply by petition addressed to the Judge of the
judicial district in which such debtor has resided or
carried on business for the six months next preceding
the time of filing such petition, or for the longest
period during such six months, setting forth his place
of business," etc. This section clearly defines the court
in which the jurisdiction shall reside to adjudicate the

question of the right of the petitioner to a discharge from his debts under the Act. No court of any other district of the United States has such jurisdiction. The jurisdiction being purely statutory, is confined to the court to which the statute has assigned it. If the court had no jurisdiction of the defendant's application, its action is simply a nullity, and binds no one, and we hold this want of jurisdiction may be interposed to defeat the effect of a discharge, in any court where the same may be prosecuted. The rule is so laid down by Mr. Bump in his work on Bankruptcy, p. 30, citing a case from 3d Bankrupt Reg. *in re* Penn., 145, and it was so held in the case of Goodfellow, 3 B. Reg., cited by Mr. Bump, in note *b*, p. 308. We, therefore, hold that the Court erred in sustaining the demurrer to this replication.

As to the other question presented, seeking to defeat the effect of the discharge by the allegation of fraudulent failure to render a complete schedule of property of petitioner, we need only say, that if the Court had jurisdiction to grant the discharge, the creditor being a party to the proceedings, could not set up such failure in a State Court to defeat the effect of the judgment of the Courts of the United States, they having exclusive jurisdiction over the question of bankruptcy. We considered this question fully at Knoxville at last term, and need not go into any elaborate review of it now. Suffice it to say, that if a discharge could be so attacked, and its effect defeated in a State Court, it might be that the State Court would hold it invalid, in one

case, and the Court of the United States, in which it was granted, upon application of a creditor, would hold the discharge valid, and so we would have the discharge void in the State Courts, and valid in Courts of the United States, and thus have irreconcilable conflict between the respective jurisdictions. It was to prevent this that the bankrupt law of 1867 has a different provision on the subject of the effect of a bankrupt's discharge, from the section on the subject in the bankrupt law of 1841. See 46, New York R., 15. This replication does not allege that the plaintiff had no notice, and was not a party to the bankrupt proceeding. It must then be held, that the Court correctly sustained the demurrer to second replication. The result is, the case will be reversed and remanded for an issue to be made on the first replication, that the facts therein alleged may be contested, if the plaintiff so desires.